BEFORE THE THIRD DIVISION, JULY 9, 1964

No. 68718.—United China & Glass Co. *v.* United States, protests 63/20346, 63/20350, and 63/20359 (Baltimore).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of decorative after-dinner cups and saucers the same in all material respects as those the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company* (47 CCPA 1, C.A.D. 719), the claim of the plaintiff was sustained.

No. 68719.—Mrs. J. Carolyn and Brown, Alcantar & Brown, Inc. *v.* United States, protests 62/12825 and 62/18636 (El Paso).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the involved merchandise constitutes articles which are not tableware, kitchenware, or table or kitchen utensils, and the report of the customs laboratory, showing that "The sample, a broken pot lid, has a nonvitrified absorbent body and, in our opinion, is earthenware," the claim of the plaintiffs was sustained.

JULY 2, 1964

No. 68720.—Prima Foods, Inc. *v.* United States, protest 63/17878.—▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Plaintiff's application for rehearing filed on June 11, 1964.

BEFORE THE FIRST DIVISION, JULY 13, 1964

No. 68721.—Sterling Merchandise Co. *v.* United States, protest 62/1511 (New York).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the merchandise consists of permanently fitted plastic cases similar in all material respects to those the subject of Abstract 67837, the claim of the plaintiff was sustained.